UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>THOMAS HULING ) | C.A. No. 1:19-cr-00037-MSM-PAS |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

## I. INTRODUCTION

Before the Court is a single-defendant criminal case that is nonetheless complex and anticipated to be lengthy.[1]  Conducting a criminal jury trial during the ongoing COVID-19 pandemic has presented several logistical and legal issues.  While the course of the pandemic is and has been on an improved trajectory, it is certainly not behind us.  The Court must be mindful of the need to protect the public health while also preserving constitutional rights.

## II. LEGAL ISSUES PRESENTED

The First and Sixth Amendments to the United States Constitution together

---

[1] This case was scheduled for an in-person date certain jury trial by notice on April 29, 2021.  The Government's estimate of the time needed to try this case was, at that time, three weeks.  To date the Court has been provided with more than 400 government exhibits alone.

guarantee the right to public trial. *Waller v. Georgia,* 467 U.S. 39, 45-46 (1984) ("[T]here can be little doubt that the explicit Sixth Amendment right of the accused is no less protective of a public trial than the implicit First Amendment right of the press and public.") Although there is a presumption for a court to be open to the public, that presumption may be overcome by "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter Co. v. Superior Court of Cal.,* 464 U.S. 501, 510 (1984). The failure to hold a public trial when closure is not justified is a structural error that "infect[s] the entire trial process." *Neder v. United States,* 527 U.S. 1, 8 (1999).

Courts have used video conferencing for most proceedings during the past year. Such use is specifically provided for by the Coronavirus, Aid, Relief, and Economic Security Act ("CARES Act"). Pub. L. 116-136, § 15002. However, the CARES Act does not provide for, and Rule 53 of the Federal Rules of Criminal Procedure does not permit, the streaming of criminal jury trials. *See* Pub. L. 116-136, § 15002(b)(1)(A) - (J) (list of events that may be eligible for video conferencing does not include criminal trials); Fed. R. Crim. P. 53 (providing that "the court must not permit … the broadcasting of judicial proceedings from the courtroom").

The Court's priorities are complying with constitutional rights while preserving public health and safety. While livestreaming of the trial would certainly be the most effective and efficient way to ensure that those priorities are met, Federal Rule of Criminal Procedure 53 explicitly prohibits the Court from publicly

2

broadcasting the trial.  The Court is unable to locate a statute or rule that allows it to avoid or ignore this prohibition as it pertains to broadcasting trial proceedings.

### III.  LOGISTICAL ISSUES PRESENTED

While Rhode Island has made great strides in reducing the spread of the COVID-19 and many masking mandates have been removed, some remain. Importantly, unvaccinated individuals are still advised to wear a mask indoors when near anyone who is not part of their immediate household.  Vaccinated people still must wear a mask when indoors or at some places such as schools, on public transportation, inside of correctional facilities, and "when required by other applicable state or federal laws or regulations."  *See* "COVID-19 and Wearing Masks," RI COVID-19 Information Portal, https://covid.ri.gov/covid-19-prevention/wearing-masks.  The Rhode Island Department of Health also recommends good air circulation and social distancing for people who are not fully vaccinated.  *See* "Preventing the Spread of COVID-19 By Circulating Air in Schools and Other Buildings," RI COVID-19 Information Portal, https://covid.ri.gov/covid-19-prevention/indoor-air-circulation.

The space within the Federal Courthouse in Providence, Rhode Island, has been evaluated and set up in a way to ensure that participants, jurors, court staff and the public will be afforded protection from COVID-19 while within the building for this trial.  Jury empanelment will take place in Courtroom 1 which is the largest space available and allows for the greatest distancing.  Other spaces will be used for additional venire members and for public viewing on a closed-circuit system within

the courthouse. Thereafter, the trial will be conducted in the Jury Assembly Room and public viewing will again be provided from a closed-circuit system within the courthouse.

## IV.   FINDINGS

The Court finds the following:

1. The courthouse will be open to the public during the hours of the trial in the matter. *See Notice Re: US v. Huling* on the Court's website at District of Rhode Island | United States District Court (uscourts.gov)

2. "The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions…." *Waller*, 467 U.S. at 46 (quoting *Gannet Co. v. DePasquale*, 443 U.S. 368, 380 (1979). "In addition to ensuring that judge and prosecutor carry out their duties responsibly, a public trial encourages witnesses to come forward and discourages perjury." *Id.*

3. "Protecting the public from unnecessarily spreading a potentially fatal virus is not only a purpose the government may pursue; it is one it has an obligation to." *United States v. Babichenko*, 2020 WL 7502456, *3 (D. Idaho Dec. 21, 2020) (quoting Stephen E. Smith, "The Right to a Public Trial in the Time of COVID-19," 77 Wash & Lee L. Rev. Online 1, 6 (2020)).

4. Current spacing for necessary social distancing within Courtroom 1 and the

4

Jury Assembly Room does not allow space for spectators.

5. The Court has consulted a Doctor of Microbiology and Immunology who advised the Court in setting up safety protocols. Of special concern to the Court is the safety of the jury members, who will, despite an ongoing pandemic, appear in court every scheduled day during this lengthy trial to fulfill their sacred civic obligation.[2]  Therefore, the Court finds that each additional person permitted in the courtroom poses an unjustifiable safety risk.

6. Due to the ongoing pandemic, members of the public who may ordinarily attend a court proceeding may be unable to travel or to gather in congregate settings.

7. The following procedures, which narrowly constitute reasonable alternatives to total or partial closure, are necessary to reduce the risk of COVID-19 spread and to provide the defendant a fair trial.

8. Public access to the trial in this matter will be equal to, or even greater than, public access in non-pandemic times.

## V.   ORDER

**IT IS ORDERED THAT:**

1. To best comply with the Constitution and Fed. R. Crim. P. 53, the Court will reserve a separate viewing room in the courthouse for the public and the press

---

[2] Importantly, a positive COVID-19 test by a juror or other trial participant will require some participants to quarantine and could result in a mistrial.

  to watch a closed-circuit, live video and audio feed of the trial. In accordance with Rule 53, the Court prohibits any recording of the video or audio feed. *See U.S. v. Cicilline*, 571 F. Supp. 359, 361-62 (D.R.I. 1983), *aff'd*, 740 F.2d 952 (1st Cir. 1984).

2. Anyone who enters the courthouse must comply with all the Court's orders and protocols on building access and safety measures. *See* Amended General Order Regarding Courthouse Visitation and Access Restrictions, May 30, 2021.

3. Anyone who is unable to attend in person will be allowed to view the proceedings by Zoom. To obtain viewing access requests can be sent to: RID_ECF_Intake@rid.uscourts.gov. A member of the Court staff will provide the Zoom Meeting ID/Passcode by email. Members of the public viewing the proceedings remotely are reminded that recording, photographing, broadcasting, or otherwise transmitting Court proceedings is prohibited by LR Gen 112(a). Additionally, the access information will be provided upon individual request, and should not be forwarded or distributed to other parties.

4. In accordance with Rule 53, the Court prohibits any recording of the video or audio feed. *See U.S. v. Cicilline*, 571 F. Supp. 359, 361-62 (D.R.I. 1983), *aff'd*, 740 F.2d 952 (1st Cir. 1984).

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

June 4, 2021