UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| VS. | ) | CR No. 1:19-00037-MSM |
| | ) | |
| THOMAS HULING | ) | |

## MOTION TO WITHDRAW GUILTY PLEA

Now comes the defendant, Thomas Huling, by and through his counsel, and respectfully moves the Court to allow him to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B).

*Relevant Facts and Procedural History*

This case has a long and complex history and spans several years. Mr. Huling was indicted on April 9, 2019 on twenty-one counts that included counts of wire fraud, money laundering, and tax evasion. Trial was scheduled to begin on September 13, 2022, a fourth attempt at a trial date. Mr. Huling did not appear and the Court issued a warrant for his arrest. On September 14, 2022, Mr. Huling was located at a local hospital and underwent cardiac surgery on September 20, 2022. on September 22, 2022, the parties had a status conference with the Court and trial was rescheduled for October 18, 2022 and a bond revocation hearing was scheduled for September 28, 2022. On September 25, 2022, he was transferred from the hospital to federal custody at the Wyatt Detention Center.

In the interim, Mr. Huling signed a plea agreement that was executed and filed with the court. *ECF* 104. The plea colloquy occurred at the Bond Revocation Hearing on September 28,

1

2022. The Court conducted a plea colloquy pursuant to Fed. R. Crim. Pro. 11(b). *Transcript of Rule 11 Hearing Attached as Exhibit A.*

*Argument*

Mr. Huling has entered into a plea agreement pursuant to Rule 11(c)(1)9A) of the Federal Rules of Criminal Procedure. The plea agreement itself references that Defendant may not withdraw his plea of guilty if the Court's guideline determinations and sentences are different than he expects. That is not the basis of his request.

Even when a plea has been accepted by the court, it may be withdrawn prior to sentencing when "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. Pro. 11(d)(2)(B). The Court "should liberally allow" withdrawal of guilty pleas in these circumstances. *United States v. Mescua-Cruz*, 387 F.3d 1, 6 (1st Cir. 2004). In determining whether a defendant has shown a fair and just reason, the Court applies a multi-factor test: (1) whether the plea was voluntary, intelligent, knowing, and in compliance with Rule 11, (2) The strength of the reasons offered in support of the motion, (3) whether there is a serious claim of actual innocence, (4) the timing of the motion, and (5) any prejudice to the government if the withdrawal is allowed. *United States v. Isom*, 580 F.3d 43, 5 (1st Cir. 2009).

Within this analysis, the first factor, which concerns the validity of the plea, is the "most significant." *United States v.* Dunfee, 821 F.3d 120, 127 (1st Cir. 2016). The decision to plead guilty to a criminal case is a very serious decision with many consequences. Above all else, the plea must be voluntary, intelligent, and knowing, and comport with Rule 11. A plea that does not meet those requirements must not and cannot stand as valid. "From that starting point, the inquiry customarily should expand to factors such as the strength of the reasons proffered by the defendant

as a basis for withdrawing his plea, the timing of the motion, and the force of any assertion of legal innocence." *United States v. Gates*, 709 F.3d 58, 68 (1st Cir. 2013). If the balance of the factors weighs in favor of the defendant, the Court should then "proceed to factor in the prejudice (if any) that the government would suffer were the court to allow the motion to withdraw." *United States v. Merritt*, 755 F.3d 6, 9 (1st Cir 2014). This analysis supports Mr. Huling's request.

There has been much discussion of Mr. Huling's significant medical issues in this case. Specifically, the government has, on more than on occasion, argued to the Court that Mr. Huling's medical issues were either caused or exacerbated by his own actions. Although he opposes those contentions, they are irrelevant to this motion. The focus on this inquiry is the voluntary and knowing waiver of his constitutional rights. In other words, it does not matter the cause of his medical issues, but what matters is that he was undergoing significant physical trauma such that it affected his ability to making knowing and intelligent decisions.

In the four years that this case was pending, it was always evident to all, the government and the Court included, that Mr. Huling wished to exercise his constitutional right to a trial by jury. Mr. Huling had major cardiac surgery on September 20, 2022, a mere eight days before his change of plea[1]. In the interim he had been taken into custody, transferred from the hospital to the Wyatt Detention Center, and housed under their suicide watch protocol[2] where he was denied clothing and housed in a cell with lights on twenty-four hours a day, under constant observation. He had also been denied his blood pressure medication for at least five days. Transcript pg 5, lines 4-8. It was in that mindset and under those circumstances that Mr. Huling appeared in Court on September 28, 2022. Attached as Exhibit B is a statement by Mr. Huling describing that he was not in his

---

[1] This was the third time in the span of two years that he had to have cardiac surgical intervention.
[2] Again, the issue is not whether or not these protocols were appropriately administered, but referenced because of the effect they had on Mr. Huling and his state of mind.

right frame of mind at his change of plea. There is a very real history of medical issues involving his heart. Given the significant nature of his surgery, the short time period between surgery and his change of plea, and the effect this all had on Mr. Huling, this Court should have doubts as to whether the plea was entered knowingly and intelligently. There is a fair and just reason to allow Mr. Huling to withdraw his guilty plea.

The government would not be significantly prejudiced if the Court allows defendant's motion to withdraw his guilty plea. Many of the civilian witnesses in this case are local and were prepared to testify in this case a few months ago. Several of the witnesses are government agents, keepers of record, or otherwise associated with the government. A large amount of the government's evidence at trial relates to documents and records that the government already has. Discovery is complete. The case is old but is also old by the nature of the allegations: the indictment charges conduct from years ago. The period of the last few months since the change of plea does not substantially alter this fact. Mr. Huling understands that at least two of the witnesses are from out-of-state and this would require that the government make arrangements with those witnesses. Because of this, Mr. Huling would defer to the government's scheduling issues in setting a trial date so that any prejudice to the government is minimized. Furthermore, the government intends to pursue multiple facets of relevant conduct in their sentencing argument, which requires much of the same evidence that would be needed at trial relative to the dismissed counts.

Mr. Huling did not knowingly, intelligently, and voluntarily plead guilty. This is the cornerstone of the plea requirements under Rule 11, and the most basic principle of guilty pleas. The government would not suffer considerable prejudice if the Court grants defendant's request as they were ready and prepared to proceed to trial just a few months ago. Considering the totality

of the circumstances, the Court should allow the defendant to withdraw his plea. Mr. Huling requests a hearing on this matter.

Respectfully submitted
THOMAS HULING
By his attorney,

*/s/ Rebecca L. Aitchison*
Rebecca L. Aitchison, RI #8601
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 867-2814
rebecca_aitchison@fd.org

*/s/ Kevin J. Fitzgerald*, #5775
Kevin J. Fitzgerald
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 867-2814
Kevin_fitzgerald@fd.org

**CERTIFICATION**

I hereby certify that a copy of this motion was delivered via electronic mail to Sandra Hebert, Assistant United States Attorney and John Kane, Department of Justice, on April 12, 2023.

*/s/ Rebecca L. Aitchison*